## Commonwealth v. Wolfendale

*Arthur W. Bean*, assistant district attorney, for Commonwealth.

*C. Edmund Wells*, for defendant.

KNIGHT, P. J., October 31, 1941.—There is no dispute about the facts of this case.

On May 13th of this year, defendant, while operating a motor vehicle, under the influence of liquor, struck an unattended automobile parked on Charlotte Street, in the Borough of Pottstown, and proceeded on without stopping. Defendant was arrested, charged with operating while under the influence of liquor, and also with violating subsection (*d*) of section 1025 of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Acts of June 22, 1931, P. L. 751, and June 29, 1937, P. L. 2329.

On the charge of operating while under the influence of liquor, Burgess Evans held defendant for trial in this court, and for the violation of subsection (*d*) the burgess fined defendant $25 and costs. The fine and costs have been paid.

The district attorney prepared and presented two bills of indictment to the grand jury. In 101, April sessions, 1941, defendant was charged with operating while under the influence of liquor; in bill 101-1, he was charged with failure to stop at the scene of a motor vehicle accident.

When the case was called for trial, defendant promptly pleaded guilty to bill 101, and entered a plea of autrefois convict as to bill 101-1.

The Commonwealth amply proved its case, and defendant offered no evidence, except the transcript of

the burgess showing his conviction of a violation of section 1025 (d).

The trial judge, in effect, told the jury that the offense charged in bill 101-1 was a separate and distinct offense from that described in section 1025, subsec. (d), and that a conviction under subsection (d) would not bar a prosecution brought under subsection (a). As the facts were not in dispute, the jury, under these instructions, brought in a verdict of "guilty". Defendant then moved in arrest of judgment, and the case was argued before the court in banc.

Were the instructions to the jury correct?

The Vehicle Code of May 1, 1929, P. L. 905, section 1025, provided:

"(a) The driver of any vehicle involved in an accident, resulting in injury or death to any person or damage to property shall immediately stop such vehicle at the scene of such accident.

"(b) The driver and owner, if present, of any vehicle involved in any accident, resulting in injury or death to any person, or damage to property, shall, upon request, give his name, address, and the registration number of his vehicle, and exhibit his operator's license to the person struck, or to the driver or occupants of any vehicle collided with, and shall render to any person injured in such accident reasonable assistance, including the carrying of such person to a physician or surgeon for medical or surgical treatment, if it is apparent that such treatment is necessary, or is requested by the injured person."

This section of the code was amended by the Act of June 22, 1931, P. L. 751, by making certain changes in the wording of subsection (b), which are not important to the question before us.

It is obvious that the Vehicle Code of 1929 was inadequate in cases where the property or vehicle struck was unattended. In such cases, in most instances, stopping was a useless gesture, and yet the motorist who

stopped had fully complied with the law. To remedy this defect in the law, and to cover other situations not contemplated by subsections (*a*) and (*b*), the legislature, by the Act of June 29, 1937, P. L. 2329, further amended section 1025 by adding subsections (*c*), (*d*) and (*e*), and changing the penalty clause.

The new subsections provide:

"(*c*)  Whenever the driver of a vehicle is physically unable to give the information or assistance required in this section, and there are other occupants of the vehicle at the time of the accident who are physically able to give the information or assistance required in this section, then each of such other occupants shall fully reveal the identity of himself and the identity of the driver of the vehicle, and of the owner of the vehicle of which they were occupants, to the person struck, or to the driver or occupants of any vehicle involved, or to the owner or custodian of any property involved, and shall render to any such person injured in such accident, reasonable assistance, including the carrying of such person to a physician or surgeon for medical or surgical treatment, if it is apparent that such treatment is necessary, or is requested by the injured person.

"(*d*)  The driver of any vehicle, street car, or trackless trolley omnibus, which is involved in an accident with any vehicle or property which is unattended, shall immediately stop, and shall then and there either locate and notify the operator or owner of such unattended vehicle, or the owner or custodian of such unattended property, of the name and address of the driver and owner of the vehicle involved in such accident with the unattended vehicle or property, or shall leave in a conspicuous place, in or upon the unattended vehicle or property, a written notice, giving the name and address of the driver, and of the owner of the vehicle involved in such accident, and a statement of the circumstances thereof, and also shall, within twenty-four (24)

hours, forward to the department a similar notice regardless of the amount of damage done to such unattended vehicle or property.

"(e) The operator of any street car or trackless trolley omnibus involved in an accident, resulting in injury or death to any person or damage to property, shall give his name and address to the person struck, or the driver or occupants of the vehicle involved, or the owner or custodian of any property involved, and shall render to any person injured in such accident, reasonable assistance, including the carrying of or the securing of carriage for such person to a physician or surgeon for medical or surgical treatment, if it is apparent that such treatment is necessary, or is requested by the injured person.

"Penalty.—Any person violating any of the provisions of subsections (a), (b) or (e) of this section, shall be guilty of a misdemeanor, and shall, upon conviction thereof in a court of quarter sessions, be sentenced to pay a fine of not more than two hundred ($200) dollars and costs of prosecution, or undergo imprisonment for not more than three (3) years, or suffer both such fine and imprisonment.

"Penalty.—Any person violating any of the provisions of subsection (c) or (d) of this section shall, upon summary conviction before a magistrate, be sentenced to pay a fine of twenty-five ($25) dollars and costs of prosecution, and, in default of the payment thereof, shall undergo imprisonment for not more than five (5) days."

It is contended that the words "shall immediately stop", in subsection (d), shows that it was the intention of the legislature to make a distinction between those cases in which any vehicle or property involved is attended, and those in which the property is unattended, and in the latter cases the offending driver can only be prosecuted under subsection (d).

In support of this contention, counsel relies mainly on section 63 of the Statutory Construction Act of May 28, 1937, P. L. 1019. This section provides:

"Whenever a general provision in a law shall be in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions be irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the Legislature that such general provision shall prevail."

It is argued that the general provision in subsection (a), requiring all motorists involved in accidents to stop immediately at the scene of the accident, must give way to the special provision in subsection (d), and that this is the only interpretation that will give effect to the words, "shall immediately stop", in subsection (d).

We cannot agree with this contention. We believe the intention of the legislature was to provide that if the motorist involved in an accident failed to stop he was guilty under subsection (a). If he stopped and failed to do the affirmative acts required by subsection (d), he was guilty of a violation of that subsection only.

It seems to us that any other construction of subsection (d) would lead to unreasonable if not absurd results, which could not have been intended by the legislature. For instance, a motorist strikes the porch of a house and fails to stop. If the occupants are at home, he is guilty of a misdemeanor: if they happen to be away, he is only guilty of a breach of subsection (d), and subject to a small fine upon summary conviction.

In our opinion, subsections (a) and (d) are not in conflict, and our construction of section 1025 gives effect to both subsections. The gist of the offense is the failure to stop, and it seems to us that it makes

little or no difference if the property is attended or unattended. In many cases the hit-and-run driver does not know if the property damaged is attended or unattended; his thought is to get away and escape detection. To make his punishment, if apprehended, depend upon the circumstance of whether the property damaged was attended or unattended appears to us to be unreasonable and a result that the legislature did not intend.

We are aware that in Commonwealth v. Kane, 38 D. & C. 480, a different conclusion is reached. We have great respect for the opinion of President Judge Sheely, of Adams County, who decided that case, but we are unable to agree with him.

And now, October 31, 1941, the motion in arrest of judgment is overruled, and defendant directed to appear in courtroom B, on Friday, November 7, 1941, to receive the sentence of the court.